UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY YACOUB and FERIAI YACOUB,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>　　　　　　　　　　Defendant. | Civ. No. 11-3420 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

　　Plaintiffs ("the Yacoubs"), who purchased a new Land Rover Range Rover in 2010, allege that this vehicle suffers from a number of defects that required numerous repairs both before and since this lawsuit began in 2011. They allege violations of 1) the New Jersey Motor Vehicle Warranty Act (the "Lemon Law"), 2) the Magnuson Moss Warranty Improvement Act, and 3) the Uniform Commercial Code.

　　Defendant ("Jaguar") has moved for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, on plaintiff's Lemon Law claim. Jaguar claims that the Lemon Law excludes any "vehicle that is used primarily for commercial purposes," and says that the Yacoubs' vehicle meets that description. The evidence of commercial use constitutes of 1) tax returns showing that a corporation deducted the expenses of the vehicle and 2) an admission by one plaintiff, at an arbitration hearing, that she has used the vehicle to make sales calls as a pharmaceutical company representative.

　　The Yacoubs dispute Defendant's primary legal contention that the Lemon Law excludes vehicles "used primarily for a commercial purpose." They have also submitted affidavits and evidence tending to suggest that the vehicle was not used primarily for commercial purposes. Thus, even setting aside the parties' dispute over the correct legal standard, the evidence is clearly in conflict and summary judgment is not appropriate. Defendant is also cautioned to be mindful of the Local Civil Rules in any future summary judgment motions; motions filed without a Statement of Material Facts Not in Dispute are to be dismissed. L. Civ. R. 56.1(a).

1

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; see also Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial.").

The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Liberty Lobby*, 477 U.S.at 254 (1986). That "evidentiary burden" is discussed in the following section.

### DISCUSSION

I first briefly discuss the parties' dispute over the scope of coverage of the New Jersey Lemon Law.

The Lemon Law covers a "motor vehicle[],"defined as "a passenger automobile, authorized emergency vehicle, or motorcycle as defined in [N.J.S.A.] 39:1-1..." N.J.S.A. § 56:12-30. A "passenger automobile" is a vehicle "used and designed for the transportation of passengers, other than omnibuses and school buses." *Id.* at § 39:1-1. The same section also provides that a "commercial motor vehicle" is a vehicle "used for commercial purposes on the highways, such as the transportation of goods, wares and merchandise." *Id.*

The Yacoubs read this language to mean that a vehicle is excluded from coverage only if it is not *used and designed* for transportation of passengers.

2

*See* N.J.S.A. § 56:12-30; 39:1-1. I tend to agree, although, given the obvious issues of fact, I would be constrained to deny summary judgment in any case.

Jaguar focuses on the purposes for which the vehicle was *actually* used by the owner. According to Jaguar, a vehicle "used primarily for commercial purposes," even if it is also used for transporting passengers, is excluded from the coverage of the Lemon Law. In support, Defendant cites an administrative law decision, *Hund v. Ford*, 91 NJAR 2d (CMA) 1 (N.J. Adm. 1991). There, the ALJ appears to have been swayed by the fact that plaintiff's truck was formally registered as a "commercial motor vehicle" instead of as a "passenger automobile." He nevertheless also found it material that plaintiff's truck was "primarily used" in plaintiff's plumbing business, while only secondarily used for family transportation. *Id.* at *5. From this, Jaguar draws the lesson that a court must examine the history of the vehicle's actual use to determine whether it is a covered "passenger automobile."

Jaguar's suggested standard appears to go beyond anything in the plain text of the statutes, N.J.S.A. 56:12-30 and 39:1-1, which do not call for an assessment of the percentages of commercial and personal use. But even if, for purposes of argument, I adopt Jaguar's legal standard, I must deny summary judgment. As to the extent of personal and commercial use, there is at least an issue of fact precluding summary judgment. *See* Fed. R. Civ. P. 56(a); *Liberty Lobby*, 477 U.S. at 248.

Jaguar cites two primary items of evidence in support of its motion.

First, Plaintiff Sandy Yacoub allegedly admitted, at the parties' arbitration hearing, that she has used the vehicle to make sales calls as a pharmaceutical company representative. There is no evidence regarding the nature and extent of such use. Ms. Yacoub may, like many people, have simply purchased the vehicle of personal use but used it, from time to time, for work-related purposes.

Second, Jaguar cites 2010 and 2011 federal tax returns for a corporation called Sante Rx, which appear to show that the corporation deducted part of the cost of the Yacoubs' vehicle. The record is silent as to what these tax returns mean with respect to the vehicle's use. Without additional facts, the court would be in no position to conclude that this evidence establishes that the vehicle was used, or used primarily, for commercial purposes.[1]

And there is evidence to the contrary. The Yacoubs have submitted an affidavit to the effect that "[t]he vehicle was not purchased for nor has it been used for commercial purposes," (Pltfs' Affidavit ¶ 11) and that "[t]he purposes of

---

[1] I note at this point that Defendant's request for an "adverse inference," in which the Court would assume that additional facts would demonstrate vehicle's primarily commercial purpose, is completely without basis.

3

this vehicle was for personal driving" (*id.* ¶ 10). In addition, the Yacoubs have produced records showing that they registered the vehicle as a "passenger" vehicle in Sandy Yacoub's name, and that they purchased the vehicle in their own names.

Even if the legal standard were what Jaguar says it is, and even if Jaguar's evidence meant what Jaguar says it means, the Yacoubs' evidence would be sufficient to raise a triable issue of fact.

## CONCLUSION

For the reasons stated above, the motion for partial summary judgment is **DENIED**. An appropriate order follows.

_____
KEVIN MCNULTY
United States District Judge

Date: September 26, 2013